IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FUSION INDUSTRIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-19-691-C |
| | ) | |
| JEFFREY WHALEN and | ) | |
| JAMES BOZEK, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, as well as Plaintiff's Response and Defendants' Reply thereto. (Dkt. Nos. 3, 4, 7.) The motion is now at issue.

I. Introduction

Plaintiff is an Oklahoma-based company, with headquarters in Oklahoma City, that mainly provides "electrical infrastructure installation and support services to electric cooperatives and electric utility companies." (Dkt. No. 1-2, p. 1.) Despite its Oklahoma roots though, Plaintiff also maintains an office in Texas. In 2017, Plaintiff hired both Defendants—two Texas residents—to work in its Texas office.

During their time with Plaintiff, Defendants spent most of their time in Texas. Defendant Whalen did come to Oklahoma for some business meetings, and even obtained an Electrical Journeyman License in the state. (Dkt. No. 4, pp. 3-4.) Nonetheless, for the most part, Defendants' interactions with Oklahoma were electronic. These communications included reaching out to Oklahoma for various aspects of their work,

including to fill their staffing needs. (Id. at 3.) Additionally, Defendants' employment agreements are governed by Oklahoma law.

Both Defendants resigned in May 2019. According to Plaintiff, though, before resigning, they began soliciting regular customers and inducing them to do business with Plaintiff's competitor, for whom Defendants went to work soon after resigning. And, after they resigned, they began soliciting Plaintiff's employees to transition with them to Plaintiff's competitor. (Dkt. No. 4-1, p. 4.)

Plaintiff then filed this suit, which accuses Defendants of breach of contract, tortious interference, and violations of the Oklahoma Uniform Trade Secrets Act, as well as the Oklahoma Deceptive Trade Practices Act. (See Dkt. No. 1-2.) Defendants, however, now move to dismiss this case—maintaining that Oklahoma cannot exercise personal jurisdiction over them.

II. Standard

When a court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). But in the preliminary stages of litigation, the plaintiff's burden is light. Doe v. Nat'l Med. Servs., 974 F.2d 143, 145 (10th Cir. 1992). Where, as here, a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998); Wenz, 55 F.3d at 1505. And when evaluating the prima facie case, all

2

factual disputes must be resolved in favor of the plaintiff in determining whether it has made the requisite showing. Wenz, 55 F.3d at 1505.

To demonstrate personal jurisdiction over a nonresident defendant, a plaintiff must satisfy the requirements of the forum's long arm statute, as well as the federal Constitution. Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1357 (10th Cir. 1990). Oklahoma's long arm statute is coextensive with the constitutional limitations imposed by due process. Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416-17 (10th Cir. 1988). Therefore, if jurisdiction is consistent with due process, Oklahoma's long arm statute authorizes jurisdiction over a nonresident defendant. Due process requirements are satisfied when personal jurisdiction is asserted over a nonresident defendant that has certain minimum contacts with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

Here, minimum contacts may be demonstrated by showing a defendant's contacts with the forum warrant the exercise of specific jurisdiction.* Generally, courts may exercise specific jurisdiction if "the nonresident defendant 'purposefully directed' its activities at the forum state." Dudnikov v. Chalk & Vermillion Fine Arts, Inc., 514 F.3d 1063, 1071 (10th Cir. 2008). Purposeful direction exists when there is "an intentional action . . . expressly aimed at the forum state . . . with [the] knowledge that the brunt of the

---

* Typically, minimum contacts may also be demonstrated by showing that a defendant is essentially "at home" in the forum state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). Nevertheless, in asserting that this Court has personal jurisdiction over Defendants, Plaintiff relies exclusively on arguments surrounding specific—rather than general—jurisdiction. (See Dkt. No. 4, p. 6.) So the Court finds that it need not address whether it may exert general personal jurisdiction over Defendants.

3

injury would be felt in the forum state." Dudnikov, 514 F.3d at 1072. Also, a plaintiff's "injuries must arise out of defendant's forum-related activities." Id. at 1071 (internal quotations and citations omitted). The relationship between a defendant and the forum state, moreover, "must arise out of contacts that the defendant *himself* creates with the forum State." Walden v. Fiore, 571 U.S. 277, 284 (2014) (internal quotation marks and citations omitted). Thus, "a plaintiff's contacts with the forum State cannot be decisive in determining whether the defendant's due process rights are violated." Id. at 279 (internal quotation marks and citations omitted).

   III.   Discussion

Taking Plaintiff's facts as true, the Court must first determine whether Plaintiff has demonstrated Defendants' minimum contacts with Oklahoma. According to Plaintiff, Defendants agreed to work for Plaintiff—an Oklahoma-based company with headquarters in Oklahoma City—in 2017. For both Defendants, their employment contracts are governed by Oklahoma law, and they were directed to contact Oklahoma-based contacts with any questions or concerns about the contract.

Both Defendants also reached out to Oklahoma for different aspects of their work, including to fill their staffing needs. Defendant Whalen, moreover, attended business development meetings at Plaintiff's main office in Oklahoma, and obtained an Electrical Engineering Journeyman License in Oklahoma. And, perhaps most importantly, Plaintiff alleges that Defendants illegally solicited Plaintiff's regular customers, as well as its employees—all in an effort to damage Plaintiff in Oklahoma. Upon review of these facts,

the Court finds that Plaintiff has shown that Defendants have developed sufficient minimum contacts with Oklahoma.

Nevertheless, the Court still must determine whether jurisdiction over Defendants is "'reasonable in light of the circumstances'" and therefore comports with the "traditional notions of fair play and substantial justice." Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1161 (10th Cir. 2010) (quoting Dudnikov, 514 F.3d at 1080). Courts generally do so by evaluating the following factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

Id. (quoting Pro Axess, Inc. v. Orlux Distrib., Inc., 428 F.3d 1270, 1279-80 (10th Cir. 2005).

On balance, the Court finds that these factors weigh in Defendants' favor. Indeed, the Court finds that only factor (2) favors Plaintiff. Oklahoma certainly has a strong interest in interpreting its own laws. But factors (1) and (4) favor Defendants, given that they are individuals, and that many potential witnesses reside in Texas. And even though factor (3) takes into account Plaintiff's interest, it weighs much heavier where "a Plaintiff's chances of recovery will be greatly diminished by forcing [it] to litigate in another forum." OMI Holdings, 149 F.3d 1086. Here, however, Plaintiff has operations in Texas and has made no allegation that the removal of litigation to that forum would burden it. So the Court finds that this factor is neutral. Finally, the Court finds that this case does not implicate any "fundamental social policies" of Oklahoma—it only concerns whether

Defendants engaged in tortious conduct aimed at Plaintiff. In sum, the Court finds that exercising jurisdiction over Defendants here would offend the "'traditional notions of fair play and substantial justice.'" Bartile Roofs, 618 F.3d at 1161. Defendants' motion will therefore be granted.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 3) is GRANTED.

IT IS SO ORDERED this 6th day of November, 2019.

ROBIN J. CAUTHRON
United States District Judge